IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY PAZUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 5313 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Target Corporation's (Target) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and the remaining state law claims are remanded back to state court.

**BACKGROUND**

Plaintiff Dorothy Pazur (Pazur) allegedly began working for Target in 2004 as a Logistics Flow Team Member. Pazur contends that at work on June 20, 2007 she accidentally "misguided a box from a surveyor belt line," and the box fell near the feet of coworker Maria Martinez (Martinez). Pazur contends that she apologized to Martinez, but Martinez started yelling and pushing. Pazur asserts that she pushed

1

back as part of a defensive response and a physical "altercation" ensued. (Compl. Par. 16). Pazur and Martinez were allegedly immediately removed from their work area by their supervisor, Laura Mitchell (Mitchell). Debbie Allen (Allen), the Executive Team Leader-Human Resources, was then called in to investigate the incident. Pazur allegedly told Allen that she pushed Martinez, but only defensively in response to Martinez's alleged initial attack. On June 22, 2007, Allen allegedly informed Pazur that she was being terminated for violating Target's Work Force Violence Policy. Allen allegedly gave Martinez only a written warning for the incident. Pazur includes in her complaint a claim alleging discrimination because of her ancestry in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* (Count I), a claim alleging discrimination because of her race and national original in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count II), a claim alleging race discrimination brought under 42 U.S.C. § 1981 (Section 1981) (Count III), and an intentional infliction of emotional distress claim (Count IV). Target now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations

contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Title VII and Section 1981 Claims

Pazur contends that she was discriminated against because of her race and national origin. The court notes that Pazur references her "ancestry" in her complaint, (Compl. Par. 7, 32, 39, 46), but Title VII specifically prohibits discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Section 1981 prohibits discrimination based on an

3

individual's race. 42 U.S.C. § 1981(a); *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011)(explaining that Section 1981 "prohibits race discrimination in the making and enforcing of contracts"). Based on the allegations in the complaint, the pertinent protected characteristics in this case would be race and national origin. However, regardless of whether Pazur seeks to allege discrimination based on her race, national origin, or ancestry, she has failed to state a valid Title VII or Section 1981 claim.

Pazur alleges that she got into an altercation with Martinez and that Pazur was fired and Martinez was not fired. Pazur contends that she is of "American" ancestry and that Martinez is of Hispanic ancestry. (Compl. Par. 7, 11). However, the mere fact that an employee of one ancestry is fired and another employee of another ancestry is not fired for similar conduct does not itself suffice to plausibly suggest unlawful discrimination.

Pazur acknowledges in her complaint that she got into a physical altercation at work with a co-worker. (Compl. Par. 13-16). She also alleges herself that the Work Force Violence Policy "provides that any actions considered to be related to violence, including verbal or physical, can result in corrective action up to and including termination." (Compl. Par. 13-16, 25). Thus, according to Pazur's own allegations, the decision to terminate her was consistent with the Work Force

Violence Policy. The mere fact that the management at Target may have believed that Pazur was at fault and believed Martinez was not at fault, without more, does not plausibly suggest any unlawful discrimination because of Pazur's race or national origin.

Pazur has provided only conclusory statements that she was "terminated due to her ancestry-American." (Compl. Par. 32, 39). However, Pazur's own allegations suggest that her employment was terminated because Target believed that Pazur had violated the Work Force Violence Policy. Pazur has not alleged facts to show beyond the level of speculation that she was discriminated against because of her race, national origin, or ancestry. Therefore, Target's motion to dismiss the Title VII claim and the Section 1981 claim is granted.

II. Remaining State Law Claims

Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing

supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Since this action was removed from state court, the state law claims are remanded back to the state court.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss the Title VII and Section 1981 claims is granted and the remaining state law claims are remanded back to state court.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 14, 2011